UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DEON D. COLVIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.  ) | Civil Action No. 25-2366 (UNA) |
| ) | |
| DONALD W. TUNNAGE, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

This matter is before the Court on consideration of Plaintiff's application to proceed *in forma pauperis* (ECF No. 2) and his *pro se* complaint (ECF No. 1). The Court GRANTS the application and, for the reasons discussed below, DISMISSES the complaint and this civil action without prejudice.

Defendant Donald W. Tunnage, an Associate Judge of the Superior Court of the District of Columbia, currently presides over a civil action Plaintiff commenced in that court in December 2019. *See* Compl. ¶¶ 4-6. Plaintiff is proceeding *pro se*, *see id.* ¶ 5, and because he has "not registered for e-service," *id.* ¶ 32, he receives notices from the Superior Court by mail, *see id.* ¶ 33.

Judge Tunnage held a motions hearing on April 9, 2025, during which he scheduled a pretrial conference for June 11, 2025. *See id.* ¶ 7. Plaintiff filed motions to continue the pretrial conference, *see id.* ¶¶ 9-11, which Judge Tunnage denied by Order entered on June 3, 2025, *id.* ¶ 12. The Order waived the requirement under Superior Court Civil Rule 16 that the parties file a joint pretrial statement and instead directed the parties to file separate pretrial statements by June 4, 2025. *See id.* ¶¶ 31, 42. Plaintiff did not receive his copy of the Order until after his deadline

1

had passed. *See id*. ¶ 34. Meanwhile, the defendant, 743 Fairmont Street NW LLC, filed its pretrial statement on June 4, 2025, *id.* ¶ 13, and amended its statement on July 2, 2025, *id*. ¶ 19.

The June 11, 2025, pretrial conference proceeded, *see id*. ¶ 14, at which time Judge Tunnage ordered Plaintiff to file his pretrial statement by June 25, 2025, *id*. Plaintiff filed motions to vacate both the June 3, 2025, and June 11, 2025 Orders, *see id*. ¶¶ 15-17, as well as a motion for an extension of time to file his pretrial statement, *see id*. ¶ 18. Judge Tunnage issued an Order on July 16, 2025, which, among other things, set July 21, 2025, as the new deadline for Plaintiff's pretrial statement and warned Plaintiff that his failure to file his pretrial statement would result in dismissal of the case. *See id*. ¶ 20.

In the instant civil action, Plaintiff alleges violations of his Fifth Amendment right to due process when, for example, Plaintiff did not receive the June 3, 2025, and July 16, 2025 Orders in time to meet his filing deadlines, *see id.* ¶¶ 35-38, 84-88, and when Judge Tunnage waived Rule 16 without affording Plaintiff an opportunity to object, *see, e.g., id*. ¶¶ 43-45, and to benefit from the rule's requirements, *see, e.g., id*. ¶¶ 56-60, 70-71. He directly challenges Judge Tunnage's June 3, 2025, June 11, 2025, and July 16, 2025 Orders and, essentially, asks this Court to vacate them. *See id*. ¶¶ 39, 46, 61, 66, 72, 77, 89, 95, 100. This Court lacks jurisdiction to do so. *See Brown v. District of Columbia*, No. 23-7129, 2024 WL 1693616, at *1 (D.C. Cir. Apr. 18, 2024) (per curiam) ("The district court did not err by dismissing appellant's complaint for lack of subject matter jurisdiction because the complaint sought judicial review of decisions issued by the Superior Court of the District of Columbia."). "And because United States district courts do not have authority to review or otherwise interfere with ongoing D.C. Superior Court matters, when presented with a request to do so, the Court must dismiss the claim." *George v. US Bank*, No. 24-cv-1598, 2025 WL 973495, at *2 (D.D.C. Apr. 1, 2025) (citation and internal

quotation marks omitted), *appeal docketed*, No. 25-7041 (D.C. Cir. Apr. 4, 2025); *Shafique v. Equity Residential Mgmt. LLC*, No. 24-cv-1253, 2024 WL 3566206, at *1 (D.D.C. July 24, 2024) (dismissing complaint "directly challeng[ing] the rulings of the Superior Court, each unfavorable to [plaintiff], and, essentially, ask[ing] this Court to reverse them"), *appeal docketed*, No. 24-7129 (D.C. Cir. Sept. 12, 2024); *Rowland v. Superior Court Building B*, No. 14-cv-450, 2014 WL 1321106, at *1 (D.D.C. Mar. 20, 2014) ("This Court has no authority to review or reverse the decisions of a Superior Court judge, or to direct the activities of that court.").

    An Order is issued separately.

DATE: August 11, 2025

/s/
JIA M. COBB
United States District Judge